# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **TERRY SUTPHEN** ) <br> 986 Section Line 30 ) <br> Bellevue, OH 44811 ) <br> ) <br> and ) <br> ) <br> **BEVERLY SUTPHEN** ) <br> 986 Section Line 30 ) <br> Bellevue, OH 44811 ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **FINKLE TRANSPORT, INC.** ) <br> 1230 McCarter Hwy. ) <br> Newark, NJ 07104 ) <br> ) <br> **EVO TRANSPORTATION & ENERGY** ) <br> **SERVICES, INC.** ) <br> 2075 W. Pinnacle Peak Rd. Suite 130 ) <br> Phoenix, AZ 85027, ) <br> ) <br> **JAMES C. FINKLE, JR.** ) <br> 225 Woodside Ave., Apt. 1143 ) <br> Franklin Lakes, NJ 07417, ) <br> ) <br> and ) <br> ) <br> **CLIFFORD FINKLE IV** ) <br> 124 Inwood Ave. ) <br> Montclair, NJ 07043, ) <br> ) <br> Defendants. ) | Case No.: 3:22-cv-1300 <br><br> **COMPLAINT** <br><br> Florence A. Murray (0080292) <br> Charles M. Murray (0052083) <br> William H. Bartle (0008795) <br> **MURRAY & MURRAY CO., L.P.A.** <br> 111 East Shoreline Drive <br> Sandusky, Ohio 44870-2517 <br> Telephone: (419) 624-3000 <br> Facsimile: (419) 624-0707 <br><br> *Attorneys for Plaintiffs* <br><br> **TRIAL BY JURY ENDORSED HEREON** |

Now come Plaintiffs, Terry Sutphen and Beverly Sutphen, by and through counsel, and file this protective action to avoid any statute of limitation issues, in the event this Court does not

find an enforceable settlement agreement, and for their causes of action against the Defendants state as follows:

## PRELIMINARY STATEMENT

(1) Plaintiff, Terry Sutphen, was involved in a clear liability multi-vehicle collision, on or about 8-20-2018, in which Taurean J. Sims, while operating a tractor-trailer, as an employee and/or agent of Clifford B. Finkle, Jr., Inc., negligently drove onto the berm of the Ohio Turnpike, striking a vehicle parked on the berm, and then striking the tractor-trailer driven by Terry Sutphen, causing him to sustained multiple severe injuries, including a fractured neck, severe shoulder injuries, bladder injuries, lacerations, and a traumatic brain injury.

(2) The circumstances surrounding Plaintiff's claims and injuries are more fully set forth in the proceedings before this Court in Case No. 3:20-cv-00648, including Plaintiffs' First Amended Complaint, which is incorporated by reference.

## PARTIES AND JURISDICTION

(3) Plaintiff, Terry Sutphen, is an adult individual who resides at 986 Section Line 30 in Bellevue, Ohio 44811, who is a creditor of these Defendants and who has been negatively affected by the actions/conduct of these Defendants in transferring assets to prevent them from being used to compensate this Plaintiff for the damages sustained in the motor vehicle collision of 8-20-2018.

(4) Plaintiff, Beverly Sutphen, is an adult individual and the spouse of Terry Sutphen, who also resides at 986 Section Line 30 in Bellevue, Ohio 44811, who is a creditor of these Defendants and who has been negatively affected by the actions/conduct of these Defendants in transferring assets to prevent them from being used to compensate this Plaintiff for the damages sustained in the motor vehicle collision of 8-20-2018.

(5) Finkle Transport, Inc. is a New Jersey corporation with a business address of 1230 McCarter Highway, Newark, New Jersey 07104 and/or 2075 W. Pinnacle Peak Road, Suite 130, Phoenix, Arizona 85027. Based upon information and belief, Plaintiffs allege that the assets of Clifford B. Finkle, Jr., Inc. were caused to be transferred to Finkle Transport, Inc. by its shareholder owners, officers, and/or directors, James C. Finkle, Jr. and/or Clifford Finkle IV. Finkle Transport, Inc. regularly does business in the State of Ohio, using its highways and roadways for the transportation of U.S. mail and/or other goods/freight.

(6) EVO Transportation & Energy Services, Inc. purchased from Defendants, James C. Finkle, Jr. and Clifford Finkle IV, all the shares of Finkle Transport, Inc. in a Stock Purchase And Exchange Agreement dated 7-15-2019. EVO Transportation & Energy Services, Inc. is a Delaware Corporation with its corporate headquarters located in Arizona. EVO Transportation & Energy Services, Inc. regularly conducts business in the State of Ohio.

(7) Individual Defendants, James C. Finkle, Jr. and Clifford Finkle IV, at all relevant times, were residents of the State of New Jersey.

## JURISDICTION

(8) This diversity action is brought pursuant to 28 USC §1332. Plaintiffs, Terry and Beverly Sutphen, are citizens of the State of Ohio. Defendant, Finkle Transport, Inc., is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in a state other than Ohio. EVO Transportation & Energy Services, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in a state other than Ohio. Defendants, James C. Finkle, Jr. and Clifford Finkle IV, are residents of the State of New Jersey. The actual crash which imposes liability upon Clifford B. Finkle, Jr., Inc. and its agent/employee occurred in Sandusky County, Ohio, in the

3

lanes and berm for eastbound traffic on the Ohio Turnpike near mile post 88. Plaintiffs commenced their action against responsible parties, including, but not limited to, Clifford B. Finkle, Jr., Inc., in the United States District Court for the Northern District of Ohio, Western Division, Case No. 3:20-cv-00648, on or about 3-27-2020, and remains pending.

(9) Defendant, Clifford B. Finkle, Jr., Inc., was a New Jersey corporation, with its principal place of business at 1230 McCarter Highway in Newark, New Jersey 07104. On or about 10-28-2019, James C. Finkle, Jr. and/or Clifford Finkle IV caused Clifford B. Finkle, Jr., Inc. to be dissolved. At the time of its dissolution, the shareholders/officers of Clifford B. Finkle, Jr., Inc. represented that the corporation had no assets, ceased doing business, and had not made any distributions of cash or property to its shareholders within the last 24 months, and did not intend to make any distribution following its dissolution. Based upon information and belief, as further set forth herein, this representation was false as it continues in business as Finkle Transport, Inc. and/or EVO Transportation & Energy Services, Inc.

(10) The transfer of assets of the Finkle mail delivery business, by Clifford B. Finkle, Jr., Inc. to Finkle Transport, Inc. to EVO Transportation & Energy Services, Inc. by James C. Finkle, Jr. and Clifford Finkle IV, are for the purpose of wrongfully preventing the assets of the Finkle mail delivery business from being used to compensate Plaintiffs, Ohio citizens, for damages from conduct and legal obligations arising from conduct (and legal proceedings) which took place in Ohio and to which the Ohio Fraudulent Transfer Act applies.

(11) The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

4

(12) Previously, Plaintiffs sought to bring this action via an amended pleading in Case No. 3:20-cv-00648. While this Court acknowledged that a fraudulent transfer claim may be brought prior to judgment, it denied the Motion to Amend, stating in pertinent part:

> "The Court acknowledges Plaintiffs have correctly cited case law suggesting a fraudulent transfer claim *may* be brought prior to judgment. *See Gilvery v. Creative Dimensions in Educ., Inc.*, 2012 WL 3656332, at *3 (N.J. Super. Ct. App. Div.). However, this Court finds the issues raised by Plaintiffs' proposed amendment are of the type more traditionally appropriate for a post-judgment (or separate action) – if necessary – rather than raised at this late juncture in this tort action.
>
> . . .
>
> Moreover, the Court further notes Plaintiffs will not be prejudiced by this ruling. Plaintiffs acknowledge they can bring the claims they seek amendment to add in a separate action, and acknowledge the four-year statute of limitations for a fraudulent transfer claim. *See* Doc. 68, at 8. Plaintiffs assert the alleged fraudulent transfer occurred in July 2019, just over two years ago. Thus, the statute of limitations on such a claim is not imminently impending."
> (*Terry Sutphen, et al. v. Midwest Construction Services, Inc., et al.*, Doc #76, PageID #504-507, at 506 and 507, footnote omitted.)

Plaintiff is filing at this time to avoid any Statute of Limitations issues, anticipating that Defendants will argue that the four (4) year statute for filing a fraudulent transfer claim will begin to run not from the date of transfer to EVO Transportation & Energy Services, Inc. on 7-15-2019, but the date of the underlying accident which is 8-20-2018, or that the date of transfer occurred on some date unknown to Plaintiffs between 8-20-2018 and 7-15-2019, the date of the transfer of the Finkle mail trucking business to EVO Transportation & Energy Services, Inc.

(13) Venue is proper under 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and this action is a companion case to *Terry Sutphen, et al. v. Midwest Construction Services, Inc., et al.*, Case No. 3:20-CV-648.

## COMMON FACTS

(14) On August 20, 2018, at approximately 10:20 a.m., Taurean J. Sims was operating a 2016 Freightliner Cascadia, owned by Penske Truck Leasing Co., L.P. and operated under the authority of Defendant, Clifford B. Finkle, Jr., Inc., U.S. DOT number 17723, driving eastbound in the far right lane on the Ohio Turnpike near mile marker 88 in Sandusky County, Ohio.

(15) At the same time and general location, Plaintiff, Terry Sutphen, was operating a 2011 Mack CXU Series Truck, owned by David Price Metal Services. He was also driving eastbound and was in the middle lane, behind, but in proximity to the vehicle being operated by Taurean J. Sims. Mr. Sutphen was transporting a load on a flatbed trailer.

(16) Taurean J. Sims veered off the roadway, onto the berm, striking another motor vehicle. He then crossed back into the roadway and struck the tractor-trailer being operated by Plaintiff, Terry Sutphen, causing it to flip onto its side and catch fire.

(17) The officer investigating the collision discovered paper log sheets for Mr. Sims' driving hours. The cab also contained an Automatic On-Board Recording Device ("AOBRD") electronic log system, which did not match the paper logs.

(18) Mr. Sims' admitted to keeping separate/dual logs.

(19) Paper hours of service logs showed that Sims was consistently driving outside the 14-hour driving window and beyond the 11-hour driving limit.

(20) The paper logs also show that Sims was not getting the required 10 consecutive off-duty hours before returning to the road.

(21) Sims was ultimately placed out-of-service for the falsification of his log book. Altogether, Defendant Sims, was placed out-of-service for violations of 49 CFR § 395.3(a)(2) (driving beyond the 14-hour duty period), 49 CFR § 395.8(e)(1) (falsifying driver records), 49

6

CFR § 395.3(a)(3) (driving beyond the 11-hour limit), and was cited for R.C. 4511.21 (failing to maintain an assured clear distance).

(22)   On or about 12-21-2018, Nationwide Claims Specialist, Tom Faust, wrote to James C. Finkle, Jr., as agent for Clifford B. Finkle, Jr., Inc. and Taurean J. Sims, stating that the claim of Plaintiffs arising out of the 8-20-2018 accident presented the possibility of liability exposure being in excess of the available recovery limit of One Million Dollars ($1,000,000) (a copy of that correspondence is attached hereto as **Exhibit 1**).  Nationwide Claims Specialist, Tom Faust, informed James C. Finkle, Jr., on behalf of Clifford B. Finkle, Jr., Inc., that in the event of a judgment in excess of the policy limits, the amount by which the judgment exceeded the policy limits would be Clifford B. Finkle, Jr., Inc.'s responsibility.  Clifford B. Finkle, Jr., Inc. failed to carry the Five Million Dollars ($5,000,000) of liability insurance it was required to carry pursuant to the terms of its contract with Midwest Construction Services, Inc. (Trillium Drivers Staffing Service Agreement, a copy of which is attached hereto as **Exhibit 2**).  Faced with the potential of a claim in excess of Clifford B. Finkle, Jr., Inc.'s policy limits, it transferred its assets to Finkle Transport, Inc., because of the potential for exposure in excess of insurance coverage.  Defendants knew of their likely exposure to a judgment in excess of their insurance coverage shortly after the 8-20-2018 crash, prior to the formal, 12-21-2018 written notification from Nationwide.  James C. Finkle, Jr. and Clifford Finkle IV, the sole shareholder owners of Finkle Transport, Inc., to which the assets and mail delivery business of Clifford B. Finkle, Jr., Inc. had been transferred, sold all the shares of Finkle Transport, Inc. to EVO Transportation & Energy Services, Inc., in the Stock Purchase And Exchange Agreement dated 7-15-2019.  Thereafter, Defendants, James C. Finkle, Jr. and/or Clifford Finkle IV, caused Clifford B. Finkle, Jr., Inc. to be dissolved.  Finkle Transport, Inc. have continued to operate as a "brand" of EVO

Transportation & Energy Services, Inc. with EVO Transportation & Energy Services, Inc. being its parent "corporation" owner, which controls Finkle Transport, Inc. EVO Transportation & Energy Services, Inc., through the 7-15-2019 Stock Purchase And Exchange Agreement, was essentially purchasing the mail delivery business of Clifford B. Finkle, Jr., Inc. EVO Transportation & Energy Services, Inc. knew of the motive of James C. Finkle, Jr. and Clifford Finkle IV and worked with them in completing the sale – in an attempt to prevent Plaintiffs from reaching Finkle assets.

## COUNT ONE
## Fraudulent Transfers Under The Uniform Fraudulent Transfer Act As Adopted By The Ohio Legislature

(23)  Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(24)  On or about 12-21-2018, Nationwide Claims Specialist, Tom Faust, formally wrote to Clifford B. Finkle, Jr., Inc. and Taurean Sims advising them that based on the reported injuries and damages, there existed the potential of Clifford B. Finkle, Jr., Inc.'s liability exposure being in excess of the policy limits of One Million Dollars ($1,000,000), resulting in its assets being at risk, which fact Defendants herein already knew.

(25)  The injuries and damages sustained by Plaintiffs created a "claim" against the assets of Clifford B. Finkle, Jr., Inc. by Plaintiffs, and Plaintiffs became a "creditor" of Clifford B. Finkle, Jr., Inc., while Clifford B. Finkle, Jr., Inc. became a "debtor" liable on the claim as these terms are defined in the Uniform Fraudulent Transfer Act (UFTA) adopted by New Jersey at N.J.S.A. Sections 25:2-20 to 25:2-34, and by Ohio in Revised Code Chapter 1336.

(26)  At some time after the 8-20-2018 crash and/or after receiving the 12-21-2018 Nationwide letter, Clifford B. Finkle, Jr., Inc. and its shareholder owners, officers, and/or

directors, James C. Finkle, Jr. and/or Clifford Finkle IV, caused the assets of Clifford B. Finkle, Jr., Inc. to be transferred to another entity/entities owned by them, including Finkle Transport, Inc. and caused Clifford B. Finkle, Jr., Inc. to be dissolved, on or about 10-28-2019. This was done to prevent the business assets and income of Clifford B. Finkle, Jr., Inc. from being used to pay Plaintiffs' claims.

(27) The transfers of the assets and property of Clifford B. Finkle, Jr., Inc., to Finkle Transport, Inc., and then to EVO Transportation & Energy Services, Inc. were fraudulent as to Plaintiffs/creditors, whose claims arose before these transfers. When taking into account the claims of the Plaintiffs, Clifford B. Finkle, Jr., Inc. became insolvent and had no assets as a result of the wrongful transfers, and Clifford B. Finkle, Jr., Inc. did not receive a reasonably equivalent value in exchange for the assets and property transferred.

(28) The transfers of assets and property to Finkle Transport, Inc. and any other entities controlled by James C. Finkle, Jr. and Clifford Finkle IV, by Clifford B. Finkle, Jr., Inc., James C. Finkle, Jr., and/or Clifford Finkle IV, were fraudulent as to Plaintiffs whose claims arose before the transfers occurred. Clifford B. Finkle, Jr., Inc.'s transfers consisted of substantially all of the assets and property of Clifford B. Finkle, Jr., Inc. for which nothing of value was received in return.

(29) The transfers of these assets and property were fraudulent as to Plaintiffs because:

    a. The transfers occurred with actual intent to hinder, delay, or defraud one or more creditors of Clifford B. Finkle, Jr., Inc.; and

    b. Clifford B. Finkle, Jr., Inc. did not receive a reasonably equivalent value for the transfers, and, in fact, received no value from the transfers; and
        i. Clifford B. Finkle, Jr., Inc. was engaged, or about to engage, in a business or transaction for which the remaining assets of Clifford B. Finkle, Jr., Inc. were unreasonably small in relation to the business or transaction; or

        ii. Clifford B. Finkle, Jr., Inc. intended to incur, or believed, or reasonably should have believed, that it would incur debts (including the debt owed Plaintiffs as a result of their injuries and damages resulting from the 8-20-2018 crash) beyond its ability to pay as they became due.

(30) Because the transfers of Clifford B. Finkle, Jr., Inc.'s assets and property (business) to Finkle Transport, Inc. and/or EVO Transportation & Energy Services, Inc. and any other entity controlled by James C. Finkle, Jr. and/or Clifford Finkle IV, and/or themselves individually, constitute fraudulent transfers under the UFTA as adopted by both the states of New Jersey and Ohio, Plaintiffs are entitled to a judgment awarding them damages against each of the entities and individuals involved, Clifford B. Finkle, Jr., Inc., Finkle Transport, Inc., James C. Finkle, Jr., and Clifford Finkle IV, in the amount so transferred, and/or the monies received from EVO Transportation & Energy Services, Inc. for the sale of Finkle Transport, Inc., which was, in fact, the same entity as Clifford B. Finkle, Jr., Inc. To the extent the sale to EVO Transportation & Energy Services, Inc. was less than the fair value of the Finkle mail business and/or that EVO Transportation & Energy Services, Inc. knowingly participated in the scheme to fraudulently transfer assets, Plaintiffs are entitled to recover from each of these Defendants, jointly and severally, for the entire amount of assets and property transferred the value of the business wrongfully transferred to each and all of these Defendants. Plaintiffs state that Ohio's Fraudulent Transfer Act applies as well as its Choice of Law Provisions as the forum state. Ohio has the greatest interest in applying its Fraudulent Transfer Act to protect its citizens from becoming victims of unscrupulous debtors who attempt to prevent their assets from being used to satisfy their lawful legal obligations/debts arising from wrongful conduct which occurred in the State of Ohio and as established by litigation in Federal Courts sitting in Ohio applying Ohio law.

(31) These Defendants undertook the above-described actions with actual malice, including a conscious disregard for the rights of other persons which had a great probability of causing substantial harm. As a result, Plaintiffs are entitled to recover punitive damages and reasonable attorneys' fees from these Defendants in amounts to be proven at trial.

**WHEREFORE**, having fully stated its Complaint, Plaintiffs demand judgment as follows:

1. Voiding the fraudulent transfers alleged above and ordering these Defendants to return the assets and property so transferred, or damages in an amount equal to the value of such assets/property/business, together with interest from the date of transfer(s);

2. Joint and several judgment against each Defendant, Finkle Transport, Inc., James C Finkle, Jr., Clifford Finkle IV, and EVO Transportation & Energy Services, Inc. for the entire amount of fraudulent transfers made;

3. Imposition of an equitable lien in favor of Plaintiffs on all real and personal property these Defendants acquired using assets and property that were fraudulently transferred;

4. Awarding punitive damages against these Defendants;

5. Awarding Plaintiffs their costs, interest, and attorneys' fees incurred in this action as allowed by law; and

6. Awarding such other relief as the Court deems just, equitable, and appropriate.

## COUNT TWO
### Owners, James C. Finkle, Jr. And Clifford Finkle IV's, Individual Liability For The Corporate Debts Of Clifford B. Finkle, Jr., Inc. And The Liability Of Its Successor Corporations, Finkle Transport, Inc. And EVO Transportation & Energy Services, Inc.

(32) Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(33) Knowing that its liability insurance coverage may/would be inadequate to satisfy the claims of Plaintiffs, arising out of the 8-20-2018 crash which is the subject of the litigation in Case No. 3:20-cv-00648, Defendants, James C. Finkle, Jr. and/or Clifford Finkle IV, transferred

the assets of Clifford B. Finkle, Jr., Inc. to Finkle Transport, Inc. and then to EVO Transportation & Energy Services, Inc. to prevent Plaintiffs from using them to satisfy their claims. This wrongful transfer enabled Defendants, James C. Finkle, Jr. and Clifford Finkle IV, to sell their shares of the trucking business previously engaged in by Clifford B. Finkle, Jr., Inc. to EVO Transportation & Energy Services, Inc. via a 7-15-2019 Stock Purchase And Exchange Agreement. The purported sale of these individual Defendants' equity interest in Courtlandt And Brown Enterprises LLC and Finkle Transport, Inc. was, in fact, a sale of the equity interests in these Defendants' trucking business operated under the name of Clifford B. Finkle, Jr., Inc.

(34) By selling the trucking business in which Clifford B. Finkle, Jr., Inc. was engaged on the date of the crash of 8-20-2018, to EVO Transportation & Energy Services, Inc. via the 7-15-2019 Stock Purchase And Exchange Agreement, James C. Finkle, Jr. and Clifford Finkle IV received an immediate cash payment of One Million Two Hundred Fifty Thousand Dollars ($1,250,000), plus an additional payment approximately a year later of an amount not to exceed Twelve Million Dollars ($12,000,000). In addition, James C. Finkle, Jr. and Clifford Finkle IV, through employment agreements, were hired to operate the trucking business formerly engaged in by Clifford B. Finkle, Jr., Inc. By engaging in this transaction, James C. Finkle, Jr. and Clifford Finkle IV advanced their personal interests at the expense of those of Plaintiffs and the corporate entity of Clifford B. Finkle, Jr. Inc., which was subsequently dissolved by these individual Defendants on or about 10-28-2019.

(35) Plaintiffs respectfully state and allege that Finkle Transport, Inc. and/or EVO Transportation & Energy Services, Inc. merely continued the business of Clifford B. Finkle, Jr. Inc., and that the transfer of the assets of Clifford B. Finkle, Jr., Inc. to Finkle Transport, Inc. to EVO Transportation & Energy Services, Inc. was for the fraudulent purpose of escaping liability

for Clifford B. Finkle, Jr., Inc.'s debts, including the claims asserted by Plaintiffs herein. Control of the two (2) corporations/businesses resided/remained with James C. Finkle, Jr. and/or Clifford Finkle IV after the transfer of Clifford B. Finkle, Jr., Inc.'s assets to Finkle Transport, Inc. and to EVO Transportation & Energy Services, Inc., and the dissolution of Clifford B. Finkle, Jr., Inc. The control of Clifford B. Finkle, Jr., Inc. and Finkle Transport, Inc. by James C. Finkle, Jr. and/or Clifford Finkle IV was so complete that these corporations had no separate mind, will, or existence of their own. Further, there was no consideration running from Clifford B. Finkle, Jr., Inc. to Finkle Transport, Inc., now operated and controlled by EVO Transportation & Energy Services, Inc. As successor corporation(s), Finkle Transport, Inc. and/or EVO Transportation & Energy Services, Inc. are liable for the debts and liabilities of their predecessor, Clifford B. Finkle, Jr., Inc.

(36) The individual Defendants, James C. Finkle, Jr. and Clifford Finkle IV, are liable for the corporate obligations of Clifford B. Finkle, Jr., Inc. and/or Finkle Transport, Inc., since they were using these corporations as their alter ego, and abusing the corporate forum in order to advance their personal interests. The wrongful conduct of these individual Defendants justify piercing the corporate veil of the Finkle corporations. James C. Finkle, Jr. and Clifford Finkle IV's profited from the sale of what was effectively the mail delivery trucking business, performed under the name/guise of Clifford B. Finkle, Jr., Inc. This sale to EVO Transportation & Energy Services, Inc. perpetuated a fraud upon Plaintiffs, and is an injustice justifying holding the individual Defendants liable for the corporation's debts, disregarding their corporate existence under both New Jersey and Ohio law.

(37) These individual Defendants undertook the above-described actions with actual malice, including a conscious disregard for the rights of other persons, which had a great

probability of causing substantial harm. As a result, Plaintiffs are entitled to recover punitive damages and reasonable attorneys' fees from these individual Defendants in such amounts to be proven at trial.

**WHEREFORE**, Plaintiffs request judgment against Defendants as follows:

1. An Order finding Defendants, James C. Finkle, Jr. and Clifford Finkle IV, individually liable to Plaintiffs for the wrongful conduct/debts of Clifford B. Finkle, Jr., Inc. arising out of the collision on 8-20-2018;

2. An Order finding Finkle Transport, Inc. and EVO Transportation & Energy Services, Inc. to be successor corporations of Clifford B. Finkle, Jr., Inc. and liable to Plaintiffs for the wrongful conduct/debts of Clifford B. Finkle Jr., Inc., arising out of the collision on 8-20-2018;

3. An award of punitive damages against these Defendants;

4. Awarding Plaintiffs their costs, interest, and attorneys' fees incurred in this action as allowed by law; and

5. Awarding such other relief as the Court deems fair, just, and appropriate.

    */s/Florence A. Murray*
    Florence A. Murray (0080292)
    fam@murrayandmurray.com
    Charles M. Murray (0052083)
    cmm@murrayandmurray.com
    William H. Bartle (0008795)
    whb@murrayandmurray.com
    MURRAY & MURRAY CO., L.P.A.
    111 East Shoreline Drive
    Sandusky, Ohio 44870-2517
    Telephone: (419) 624-3000

    Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in the above-styled cause of action.

>/s/Florence A. Murray
>Florence A. Murray (0080292)
>MURRAY & MURRAY CO., L.P.A.
>
>Attorneys for Plaintiffs